UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SWATCH GROUP MANAGEMENT SERVICES LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BLOOMBERG L.P. <br><br> Defendant. | ECF CASE <br> Civil Action No.: 1:11-cv-01006-AKH <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> '11 CIV 01006 |

FILED FEB 14 2011 USDC WP SDNY

Plaintiff The Swatch Group Management Services Ltd. ("Plaintiff" or "SGMS"), complaining of Defendant Bloomberg L.P. ("Defendant" or "Bloomberg"), alleges:

## THE PARTIES

1. SGMS is a corporation organized under the laws of Switzerland and maintains its principal place of business at Faubourg du Lac, 6, 2501 Bienne, Switzerland.

2. Bloomberg L.P. is a Delaware limited partnership and, upon information and belief, maintains its principal place of business at 731 Lexington Avenue, New York, New York 10022.

## SUBJECT MATTER JURISDICITON

3. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

## THE FACTS

### SGMS's Copyright

4. SGMS's parent company, The Swatch Group Ltd., is an international company which owns or controls more than two hundred subsidiary entities. Through its subsidiaries, The Swatch Group Ltd. produces and distributes watches for nineteen of the world's best known luxury and broader market watch brands – including the brands OMEGA, BREGUET, LONGINES, BLANCPAIN, SWATCH, TISSOT, among others – and is the world's leading producer of finished watches, watch parts, movements and components. The Swatch Group Ltd. also is a key player in the manufacture and sale of electronic systems used in watch making and other industries, and is a leader in the field of sports event timing.

5. The Swatch Group Ltd. is a public company whose stock trades on the Swiss Exchange

6. Plaintiff SGMS is an international company which owns or controls the intellectual property of a variety of famous Swiss watch brands, among other things.

7. On February 8, 2011, The Swatch Group Ltd. hosted a telephone conference call from its headquarters in Bienne, Switzerland with an invited group of securities analysts (the "Earnings Call"). The purpose of the Earnings Call was to provide a forum for The Swatch Group Ltd. to make a presentation to the invited securities analysts of key financial figures for 2010 and for the analysts to ask questions of the company's senior management.

8. Chorus Call SA ("CCSA") is a Swiss company doing business at Via al Mulino, 22a, CH-6814 Cadempino, Switzerland, which provides international audio conferencing, video conferencing, and audio/video media streaming and recording services to its customers.

9. At The Swatch Group Ltd.'s request, during the Earnings Call CCSA transmitted and simultaneously recorded The Swatch Group Ltd.'s presentation to, and the question and answer session involving, the securities analysts whom The Swatch Group Ltd. had invited to participate in or accepted to join the Earnings Call, resulting in a sound recording of the live Earnings Call (the "Work").

10. At the beginning of the Earnings Call, which occurred simultaneously with CCSA's transmission and recordation of the call, the participants were informed that the call was being recorded and were instructed not to record the call for publication or broadcast.

11. The Work was made outside the United States, is an original work of authorship, and is copyrightable subject matter under the laws of the United States.

12. SGMS is owner by assignment of all right, title and interest in and to the United States copyright in the Work.

### Defendant's Infringement of Plaintiff's Copyright

13. Upon information and belief, Defendant is a leading provider of financial and business information through various media – among others, a proprietary subscription-based service available through proprietary terminals and over the Internet.

14. Defendant was not invited or authorized Defendant to participate in the Earnings Call.

15. Upon information and belief, without authorization from The Swatch Group Ltd. or SGMS and without The Swatch Group Ltd.'s or SGMS's knowledge or consent, Defendant made a sound recording of the Earnings Call while the call was in progress.

16. Further, upon information and belief, without authorization from The Swatch Group Ltd. or SGMS and without The Swatch Group Ltd.'s or SGMS's knowledge or consent, Defendant also created an unauthorized derivative work of the Work by transcribing Defendants' unauthorized recording of the Earnings Call into a written transcript (the "Transcript").

17. On or about February 8, 2011, Defendant published, displayed and distributed the Transcript by making the Transcript available through an Internet connection to subscribers of one or more of Defendants' online information platforms.

18. Upon information and belief, Defendant has profited, and continues to profit, from its unauthorized sound recording of the Earnings Call and unauthorized publication and distribution of the Transcript.

19. On February 10, 2011, The Swatch Group Ltd. sent Defendant written notification of The Swatch Group Ltd.'s copyright and Defendant's infringement thereof and demanded that Defendant cease its infringement and immediately disable access to the Transcript.

20. On February 10, 2011, Defendant admitted that it had made a copy of the Work without consent or authorization, yet refused to disable on-line access to the Transcript or remove the Transcript from its website.

21. SGMS has been damaged by Defendant's unlawful use of the Work and Transcript.

## COUNT I

## COPYRIGHT INFRINGEMENT

22. SGMS restates and re-alleges each and every allegation contained in Paragraphs 1 through 20 as if fully recited in this paragraph.

4

23. Upon information and belief, Defendant has infringed SGMS's copyright in the Work by copying the sound recording of the Earnings Call, thereby violating 17 U.S.C. § 106.

24. Upon information and belief, Defendant has infringed SGMS's copyright in the Work by creating a derivative work – namely, the Transcript – without SGMS's consent or authorization, thereby violating 17 U.S.C. § 106.

25. Upon information and belief, Defendant has infringed SGMS's copyright in the Work by distributing and publishing the Transcript, thereby violating 17 U.S.C. § 106. .

26. Upon information and belief, Defendant has continued to infringe SGMS's copyright and has no intention to cease and desist such infringing activities and have acted willfully.

27. All of Defendant's acts were performed without the consent, permission, license, or authorization of the Plaintiff.

28. Defendant's acts of copyright infringement, as alleged above, are causing SGMS irreparable injury, and will continue to do so unless restrained and enjoined.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, SGMS hereby demands a trial by a jury on all issues triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Swatch Group prays as follows:

1. That the Court issue a declaration that Defendant's acts and conduct infringe SGMS's copyright in the Work;

2. That the Court issue a declaration that Defendant's acts and conduct are willful;

3. That the Court issue an injunction, pursuant to 17 U.S.C. § 502 and the equity jurisdiction of this court, directing that the Defendant, its agents, employees, or representatives, and all persons in privity therewith be and are permanently enjoined and restrained from using the Work and from publishing, selling, marketing, or otherwise disposing of any copies of any material which has been derived in any manner by infringement of Swatch Group's copyright in the Work, including copies of the Work and Transcript;

4. That the Court direct Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant, to deliver up for destruction all copies of the Work and all copies of the Transcript;

5. That the Court require Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant, to file with this Court and serve upon Swatch Group a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the injunction;

6. That the Court award SGMS actual and/or statutory damages pursuant to 17 U.S.C. § 504;

7. That the Court find that Defendant's copyright infringement was, and continues to be, found willful and that Defendants' liability to SGMS for each such infringement be enhanced up to one hundred and fifty thousand dollars ($150,000), should SGMS elect to recover statutory damages pursuant to pursuant to 17 U.S.C. § 504;

8. That the Court require Defendant be required to pay to SGMS the costs of this action, including attorneys' fees and disbursements incurred, pursuant to 17 U.S.C. § 505 and 1117(a),

9. Any such other and further relief as this Court deems just and equitable.

Respectfully submitted,

COLLEN IP
*Attorneys for Plaintiff, The Swatch Group Management Services Ltd.*

By: _____
Jess M. Collen (JC-2875)
Jeffrey A. Lindenbaum (JL-1971)
Joshua Paul (JP-4079)
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel. (914) 941-5668

Dated: February 14, 2011