```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE SWATCH GROUP
MANAGEMENT SERVICES LTD.,

    Plaintiff,

v.

BLOOMBERG L.P.,

    Defendant.

---

Civil Action No.: 11 CV 1006 (AKH)

**STIPULATION AND** [Proposed] **ORDER**

    **WHEREAS**, on February 14, 2011, The Swatch Group Management Services Ltd. ("The Swatch Group Management Services") filed a Complaint against Bloomberg L.P. ("Bloomberg");

    **WHEREAS**, on March 31, 2011, Bloomberg filed a motion to dismiss The Swatch Group Management Services' Complaint;

    **WHEREAS**, on April 21, 2011, The Swatch Group Management Services filed an Amended Complaint as of right pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure;

    **WHEREAS**, on April 27, 2011 the United States Copyright Office issued a Certificate of Copyright Registration (No. SRu 990-871, the "Registration Certificate") to The Swatch Group Management Services;

    **WHEREAS**, The Swatch Group Management Services seeks to file a second Amended Complaint in order to reflect the United States Copyright Office's issuance of the Registration Certificate;

**WHEREAS**, Bloomberg does not object to The Swatch Group Management Services' request to file a second Amended Complaint, and has advised The Swatch Group Management Services that it will likely oppose any further motion to file a subsequent amended complaint;

**WHEREAS**, Bloomberg intends to file a motion to dismiss the second Amended Complaint in its entirety (the "Motion to Dismiss").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the parties:

1. Bloomberg shall not be obligated to answer, move to dismiss or otherwise respond to The Swatch Group Management Services' first Amended Complaint served on April 21, 2011.

2. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Bloomberg does not object to The Swatch Group Management Services' serving and filing the Second Amended Complaint that is annexed hereto (without exhibits) as Exhibit 1.

3. Bloomberg shall serve papers in support of the Motion to Dismiss on or before May 20, 2011.

4. The Swatch Group Management Services shall serve papers in opposition to the Motion to Dismiss on or before June 28, 2011.

5. Bloomberg shall serve any reply papers in further support of the Motion to Dismiss on or before July 15, 2011.

6. The parties shall serve their motion papers on one another by e-mail and also by Federal Express overnight delivery service.

Dated: Ossining, New York  
May 6, 2011

COLLEN IP  
*Attorneys for Plaintiff, The Swatch Group Management Services Ltd.*

By: _____  
Jess M. Collen (JC2875)  
jcollen@collenip.com  
Joshua Paul (JP4079)  
jpaul@collenip.com  
The Holyoke-Manhattan Building  
Ossining, New York 10562  
Tel. (914) 941-5668

Dated: New York, New York  
May 6, 2011

WILLKIE FARR & GALLAGHER LLP  
*Attorneys for Defendant, Bloomberg L.P.*

By: _____  
John M. DiMatteo  
jdimatteo@willkie.com  
Thomas H. Golden  
tgolden@willkie.com  
787 Seventh Avenue  
New York, New York 10019-6099  
Tel. (212) 728-8000

SO ORDERED IN NEW YORK, NEW YORK THIS 6 DAY OF MAY 2011

_____  
U.S.D.J.

3

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SWATCH GROUP MANAGEMENT SERVICES LTD., <br><br> Plaintiff, <br><br> v. <br><br> BLOOMBERG L.P., <br><br> Defendant. | Civil Action No.: 11 CV 1006 (AKH) <br><br> **SECOND AMENDED COMPLAINT** <br> **FOR COPYRIGHT INFRINGEMENT** <br><br> **[Filed With Consent of Defendant Pursuant Fed. R. Civ. P. 15(a)(2)]** |

Plaintiff The Swatch Group Management Services Ltd. ("Plaintiff" or "SGMS"), for its Second Amended Complaint against Defendant Bloomberg L.P. ("Defendant" or "Bloomberg"), alleges:

## THE PARTIES

1. SGMS is a corporation organized under the laws of Switzerland and maintains its principal place of business at Faubourg du Lac, 6, 2501 Bienne, Switzerland.

2. Bloomberg L.P. is a Delaware limited partnership and, upon information and belief, maintains its principal place of business at 731 Lexington Avenue, New York, New York 10022.

## SUBJECT MATTER JURISDICITON

3. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

## THE FACTS

### SGMS's Copyright

4.      SGMS's parent company, The Swatch Group Ltd, is an international company which maintains its principal place of business at Faubourg du Lac, 6, 2501 Bienne, Switzerland.

5.      The Swatch Group Ltd owns or controls more than two hundred subsidiary entities. Through its subsidiaries, The Swatch Group Ltd produces and distributes watches for nineteen of the world's best known luxury and broader market watch brands -- including the brands OMEGA, BREGUET, LONGINES, BLANCPAIN, SWATCH, TISSOT, among others -- and is the world's leading producer of finished watches, watch parts, movements and components. The Swatch Group Ltd also is a key player in the manufacture and sale of electronic systems used in watch making and other industries, and is a leader in the field of sports event timing.

6.      The Swatch Group Ltd is a public company whose stock trades on the Swiss Exchange.

7.      Plaintiff SGMS is an international company which owns or controls the intellectual property of a variety of famous Swiss watch brands, among other things.

8.      On February 8, 2011, The Swatch Group Ltd hosted a telephone conference call from its headquarters in Bienne, Switzerland with an invited group of securities analysts (the "Earnings Call").

9.      Five senior executives participated in the Earnings Call on behalf of The Swatch Group Ltd. These included The Swatch Group Ltd's Chief Executive Officer (who also sits on The Swatch Group Ltd's Board of Directors); The Swatch Group Ltd's Chief Financial Officer;

2

and three other senior executives, each of whom sits on The Swatch Group Ltd's Executive Group Management Board. The Swatch Group Ltd's Board of Directors has delegated the current operative business of The Swatch Group Ltd to the Executive Group Management Board and the Extended Group Management Board.

10. Each of the five senior executives who participated in the Earnings Call are employees either of The Swatch Group Ltd or of Plaintiff SGMS, within the meaning of Section 101 of the Copyright Act.

11. Prior to the Earnings Call, The Swatch Group Ltd arranged with Chorus Call SA ("CCSA"), a Swiss company doing business at Via al Mulino, 22a, CH-6814 Cadempino, Switzerland, which provides international audio conferencing, video conferencing, and audio/video media streaming and recording services to its customers, to administer the telecommunications aspects of the Earnings Call.

12. CCSA transmitted and simultaneously recorded The Swatch Group Ltd's Earnings Call to the participating securities analysts.

13. At the beginning of the Earnings Call, the analysts were informed that the call was being recorded and were instructed not to record the call for publication or broadcast.

14. The Earnings Call lasted for more than two hours and eleven minutes. After a brief introduction from The Swatch Group Ltd's Chief Executive Officer, he and the four other senior executives responded to questions posed by the participating securities analysts and provided commentary about The Swatch Group Ltd's worldwide business performance, activities, opportunities and related matters.

15.     The remarks provided by The Swatch Group Ltd's senior executives during the Earnings Call were original and creative expression which, when recorded by CCSA, became an original work of authorship fixed in a tangible medium – to wit, a sound recording of the executives' spoken performances during the Earnings Call (the "Work").

16.     SGMS is the owner by assignment of all right, title and interest in and to the United States copyright in the Work.

17.     The Work was created outside the United States and has not been published anywhere in the world by or on behalf of The Swatch Group Ltd or Plaintiff.

18.     On April 27, 2011, the United States Copyright Office issued a Certificate of Registration (Reg. No. SRu 990-871) to Plaintiff covering the Work. A copy of the Certificate is attached as Exhibit 1.

19.     Pursuant to Section 410(c) of the Copyright Act, the Certificate of Registration issued by the United States Copyright Office constitutes *prima facie* evidence in this proceeding of the validity of Plaintiff's copyright in the Work and of the facts stated in the Certificate.

### Defendant's Infringement of Plaintiff's Copyright

20.     Upon information and belief, Defendant is a leading provider of financial and business information through various media – among others, a proprietary subscription-based service called "Bloomberg Professional" available exclusively to paid subscribers through proprietary terminals and over the Internet.

21.     Defendant was not invited or authorized by The Swatch Group Ltd or by Plaintiff to participate in the Earnings Call.

4

22. Upon information and belief, without authorization from The Swatch Group Ltd or SGMS and without The Swatch Group Ltd's or SGMS's knowledge or consent, Defendant surreptitiously gained access to and recorded the entire Earnings Call at the same time as the call was being transmitted by phone and recorded by Chorus Call. In so doing, Defendant created an unauthorized reproduction of the Work (the "Infringing Recording").

23. Further, upon information and belief, without authorization from The Swatch Group Ltd or SGMS and without The Swatch Group Ltd's or SGMS's knowledge or consent, Defendant transcribed the Infringing Recording into a written transcript. In so doing, Defendant created an unauthorized copy and/or unauthorized derivative work of the Work ("Infringing Transcript"). A copy of Defendants' Infringing Transcript is attached as Exhibit 2.

24. Upon information and belief, on or about February 8, 2011, Defendant unlawfully published, displayed and distributed the Infringing Recording and the Infringing Transcript by making them available to paid subscribers of Defendant's "Bloomberg Professional" online news and information service.

25. Upon information and belief, Defendant has profited, and continues to profit, from the Infringing Recording and the Infringing Transcript.

26. On February 10, 2011, The Swatch Group Ltd sent Defendant written notification of The Swatch Group Ltd's copyright and Defendant's infringement thereof and demanded that Defendant cease its infringement and immediately disable access to the Transcript.

27. On February 10, 2011, Defendant admitted that it had made a copy of the Work without consent or authorization, yet refused to disable on-line access to the Transcript or remove the Transcript from its website.

28.   SGMS has been damaged by Defendant's unlawful conduct.

## COUNT I

## COPYRIGHT INFRINGEMENT

29.   SGMS restates and re-alleges each and every allegation contained in Paragraphs 1 through 28 as if fully recited in this paragraph.

30.   Defendant has infringed SGMS's copyright in the Work by creating and distributing the Infringing Recording without Plaintiff's consent or authorization.

31.   Defendant has infringed SGMS's copyright in the Work by creating, distributing and publishing the Infringing Transcript without SGMS's consent or authorization.

32.   Upon information and belief, Defendant has continued to infringe SGMS's copyright and has no intention to cease and desist such infringing activities and have acted willfully.

33.   All of Defendant's acts were performed without the consent, permission, license, or authorization of the Plaintiff.

34.   Defendant's acts of copyright infringement, as alleged above, are causing SGMS irreparable injury, and will continue to do so unless restrained and enjoined.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, SGMS hereby demands a trial by a jury on all issues triable to a jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays as follows:

1. That the Court issue a declaration that Defendant's acts and conduct infringe Plaintiff's copyright in the Work;

2. That the Court issue a declaration that Defendant's acts and conduct are willful;

3. That the Court issue an injunction, pursuant to 17 U.S.C. § 502 and the equity jurisdiction of this court, directing that the Defendant, its agents, employees, or representatives, and all persons in privity therewith be and are permanently enjoined and restrained from using the Work and from publishing, selling, marketing, or otherwise disposing of any copies of any material which has been derived in any manner by infringement of Plaintiff's copyright in the Work, including copies of the Infringing Recording and the Infringing Transcript;

4. That the Court direct Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant, to deliver up for destruction all unauthorized copies of the Work, including all copies of the Infringing Sound Recording and Infringing Transcript;

5. That the Court require Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant, to file with this Court and serve upon SGMS a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the injunction;

6. That the Court award SGMS actual and/or statutory damages pursuant to 17 U.S.C. § 504;

7

7. That the Court find that Defendant's copyright infringement was, and continues to be, willful and that Defendants' liability to SGMS for each such infringement be enhanced up to one hundred and fifty thousand dollars ($150,000), should SGMS elect to recover statutory damages pursuant to pursuant to 17 U.S.C. § 504;

8. That the Court require Defendant be required to pay to SGMS the costs of this action, pursuant to 17 U.S.C. § 505 and 1117(a); and

9. Any such other and further relief as this Court deems just and equitable.

Dated: Ossining, New York
      May __, 2011

                              Respectfully submitted,

                              COLLEN IP
                              *Attorneys for Plaintiff, The Swatch Group Management Services Ltd.*

By: _____
     Jess M. Collen (JC-2875)
     jcollenip@collenip.com
     Joshua Paul (JP-4079)
     jpaul@collenip.com
     The Holyoke-Manhattan Building
     80 South Highland Avenue
     Ossining, New York 10562
     Tel. (914) 941-5668